**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)**

| | |
|---|---|
| **TACTUS TECHNOLOGIES, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | **C.A. No. ____** |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD.;** and § | |
| **SAMSUNG ELECTRONICS AMERICA,** § | |
| **INC.,** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tactus Technologies, LLC ("Tactus" or "Plaintiff") files this Original Complaint against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively with SEC "Samsung" or "Defendants") for infringement of U.S. Patent No. 9,696,847 ("the '847 patent" or "the patent-in-suit").

## THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. On information and belief, SEC is a company organized and existing under the laws of the Republic of Korea with its principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742 in the Republic of Korea. SEC may be served at least by process under the Hague Convention. SEC manufactures the products alleged to infringe in this Complaint and controls the decisions of SEA to infringe as agent of the principal

3. On information and belief, SEA does business in the State of Texas and in the Eastern District of Texas, is a New York corporation with its principal place of business at 85

Challenger Road, Ridgefield Park, New Jersey 07660 and is a wholly-owned subsidiary of SEC. SEA has a business location in this District at 6625 Excellence Way, Plano, TX. 75023. SEA may be served in Texas at least via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. With respect to SEC, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). SEC is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

7. With respect to SEA, venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, SEA has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District. For example, Samsung has offices at 6625 Excellence Way, Plano, TX. 75023.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Defendants have placed and continue to place infringing smartphones

into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District.

9. On information and belief, Defendants have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

10. The '847 patent is titled "User-Defined Gesture Enablement Protocols for Touch Input Device." The inventions claimed in the patent-in-suit generally relate to a new and novel user interface method for unlocking an electronic device, such as a smartphone, via a pattern.

11. The '847 patent lawfully issued on July 4, 2017, and stems from Application No. 15/056,015. A copy of the '847 patent is attached hereto as Exhibit A.

12. The named inventors on the patent-in-suit are Graham Roy Atkins and Ian Andrew Maxwell.

13. The patent-in-suit claims priority to U.S. Application No. 12/118,047, which was filed on May 9, 2008.

14. The technologies claimed in the patent-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

15. Each asserted claim in the patent-in-suit is presumed valid.

16. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

17.     The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. *See, e.g.*, '847 patent, 1:30-2:20.

18.     The patent-in-suit has over 100 forward citations, which is indicative of the value and importance of the inventions claimed in the patent-in-suit.

## COUNT I
### (Infringement of U.S. Patent No. 9,696,847)

19.     Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

21.     Plaintiff is the owner of the '847 patent with all substantial rights to the '847 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

22.     The '847 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

23.     Defendants have, and continue to, infringe one or more claims of the '847 patent in this judicial district and elsewhere in Texas and the United States.

24.     On information and belief, Defendants have, and continue to, either by itself or via an agent, infringe at least claim 13 of the '847 patent by, among other things, practicing the method of claim 13 via at least its testing of the pattern lock feature in its smartphones with Pattern Lock functionality ("the Accused Products").

25.     Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '847 patent.

26. Each Defendant is liable for these infringements of the '847 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))**

27. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendants have, and continue to, indirectly infringe one or more claims of the '847 patent by inducing direct infringement by end users of the Accused Products.

28. Defendants have had knowledge of the '847 patent since at least as May 6, 2019, when Defendants were notified via email of the '847 patent and its infringement of the '847 patent. Specifically, on May 6, 2019, Plaintiff's licensing agent sent SEC a detailed claim chart, like the one attached hereto as Exhibit B, detailing Defendants' infringement of the '847 patent.

29. On information and belief, despite having knowledge of the '847 patent, Defendants have specifically intended for persons who acquire and use the Accused Products, including Defendants' customers and end consumers, to acquire and/or use such devices in a way that infringes the '847 patent, including at least claim 13, and Defendants knew or should have known that its actions were inducing infringement.

30. Defendants instruct and encourage users to use the Accused Products in a manner that infringes the '847 patent. For example, Defendants' user guides for its phones provide end users detailed instructions on how to use the Pattern Lock technology in the Accused Products. In addition, Defendants' website includes support articles with detailed instructions on how to use the Pattern Lock technology in the Accused Products.

31. Furthermore, Defendants have not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '847

patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

32. Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (Willful Infringement)

33. Plaintiff incorporates paragraphs 1 through 32 herein by reference.

34. Prior to the filing of this action Defendants were aware of the '847 patent.

35. As detailed above, Plaintiff's licensing agent sent Defendants a claim chart, like the one attached hereto as Exhibit B, detailing Defendants' infringement of the '847 patent.

36. Defendants have been, or should have been, aware of its infringement of the '847 patent since at least its receipt and review of the May 6, 2019 communication.

37. On information and belief, despite being aware of the '847 patent and its infringement of the '847 patent, Defendants have not changed or otherwise altered the Accused Products or its practices in an effort to avoid infringing the '847 patent. Rather, despite having notice of the '847 patent, Defendants have, and continue to, infringe the '847 patent, directly and/or indirectly, in disregard to Plaintiff's patent rights.

38. Defendants have acted recklessly and/or egregiously, and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '847 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '847 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that one or more claims of the '847 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendants;

c. Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendants' infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 12, 2020                                Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**TACTUS TECHNOLOGIES, LLC**